UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JASON DAVID LINGO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 09-cv-847-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Jason David Lingo's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) pursuant to 28 U.S.C. § 2255. At the Court's direction, Respondent United States of America (hereinafter "the Government") filed a Response (Doc. 5), to which Lingo did not file a reply.

For the following reasons, the Court **DENIES** the instant motion.

**BACKGROUND**

On December 11, 2007, a grand jury charged Petitioner Jason David Lingo (hereinafter "Lingo") by Indictment (Doc. 1) with one count of possession of unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3). Then, on January 25 of the next year, a grand jury returned a Superseding Indictment (Doc. 13) against Lingo, which retained the possession of unauthorized access devices charge (Count I) and added counts of mail fraud (Count II) in violation of 18 U.S.C. § 1341 and aggravated identity theft (Count III) in violation of 18 U.S.C. § 1028A(a)(1).

Not more than three months after the filing of the superseding indictment, Lingo entered an open plea of guilty to all counts contained therein. When Lingo twice failed to appear for his sentencing hearing, the Court issued a warrant for his arrest. After United States Marshals

picked up Lingo approximately two months later, the Court held sentencing on October 30, 2008. At the sentencing hearing, the Court determined that, for purposes of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), Lingo's total offense level was 19[1] and his criminal history category was II, which rendered, *inter alia*, an advisory U.S.S.G. range of 33 to 41 months imprisonment for Counts I and II.[2] Bearing in mind the factors stated at 18 U.S.C. § 3553(a), the Court ultimately departed upward from the U.S.S.G. range and sentenced Lingo to 60 months imprisonment on Counts I and II and 24 months on Count III to run consecutive to Counts I and II for a total of 84 months imprisonment. The Court also ordered Lingo serve a total of three years supervised release upon his release from prison, pay restitution in the amount of $3,612.31 and a $300.00 special assessment.

     Lingo never appealed his conviction or sentence, but he did timely file the instant habeas petition. In his petition, Lingo argues that the Court improperly calculated his advisory sentencing range by including an inapplicable 2 level enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(A)(ii) for possession or use of an authentication feature, specifically CV2 three-digit verification codes (hereinafter "2 level enhancement"). *See supra* note 1. Lingo also maintains that he suffered from ineffective assistance of counsel due to his attorney's failure to

---

[1] A total offense level of 19 is the sum of a 7 point base offense level under U.S.S.G. § 2B1.1(a)(1), a 6 level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(D) because the loss amount was more than $30,000 but less than $70,000, a 2 level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A) because the offense involved ten or more victims, a 2 level enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(A)(ii) because the offense involved the possession or use of an authentication feature (specifically CV2 three-digit verification codes), and a 2 level enhancement pursuant to U.S.S.G. § 3C1.1 because Lingo obstructed justice by twice failing to appear for sentencing.

[2] Pursuant to 18 U.S.C. 1028A(a)(1), a mandatory term of two years imprisonment existed on Count III to run consecutive to Counts I and II.

object and appeal application of the 2 level enhancement. Indeed, the Government concedes that the 2 level enhancement should not have applied to Lingo, although it disputes that any relief is warranted by his habeas petition. Doc. 5, p. 5. Had the Court not considered said enhancement, Lingo's total offense level would have been 17, which would have produced, *inter alia*, an advisory sentencing range of 27-33 months imprisonment on Counts I and II.

## ANALYSIS

Following a brief overview of the law governing § 2255 motions, the Court will address each of Lingo's arguments in kind.

### I. Section 2255 Generally

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 (2006). More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

Of course, a § 2255 motion does not substitute for a direct appeal. A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were unraised on direct appeal regardless of

cause and prejudice. *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro vs. United States*, 538 U.S. 500, 504-05 (2003); *Fountain*, 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro*, 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

An evidentiary hearing on a § 2255 habeas petition is required when the motion is accompanied by "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976) (footnote omitted). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989). As will be seen, Lingo's allegations are unsupported by the record; subsequently, the Court sees no reason to hold an evidentiary hearing on the issues he raises.

4

**II.     Miscalculation of Lingo's U.S.S.G. Total Offense Level**

Lingo first makes a "naked" argument of error as to the inclusion of the 2 level enhancement in the calculation of his U.S.S.G. total offense level. Doc. 1, p. 4 ("Ground One").

Generally, issues involving the U.S.S.G. or the Court's deviation therefrom are not cognizable in a § 2255 motion. *See Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010); *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) ("Allegations that the district judge misapplied the sentencing guidelines are not reviewable under § 2255."); *Brannigan v. United States*, 249 F.3d 584, 588 (7th Cir. 2001) (One's U.S.S.G. calculation "in general is not supposed to allow any collateral attack."). This is because the U.S.S.G. do not represent "laws of the United States" as prescribed in § 2255. *Taylor v. Gilkey*, 314 F.3d 832, 833 (7th Cir. 2002); *Scott v. United States*, 997 F.2d 340, 341 (7th Cir. 1993). Indeed, the Seventh Circuit Court of Appeals has flatly stated that "[o]ne full and fair opportunity to make arguments under the Guidelines — at sentencing and on direct appeal — is enough." *Scott*, 997 F.2d at 342. Nevertheless, the presence of both "extraordinary circumstances" and "cause" for failing to take a direct appeal may call for inquiry and demonstrate the requisite complete miscarriage of justice. *Id*. at 343 (citing a district court's refusal to employ a U.S.S.G. provision beneficial to defendant as an example of extraordinary circumstances and ineffective assistance of counsel as evidence of cause); *Taylor*, 314 F.3d at 833.

Here, because Lingo did not appeal the non-constitutional issue of the 2 level enhancement, it is highly unlikely that the Court has jurisdiction to hear any argument thereon. *See Scott* 997 F.2d at 342-43. The above-chronicled precedent makes clear that U.S.S.G. computation errors typically do not result in a complete miscarriage of justice and therefore cannot be raised in the § 2255 context. The only way in which Lingo could circumvent his

procedural default is if he demonstrated extraordinary circumstances and cause for not taking a direct appeal. This is something he cannot do.

Apart from briefly mentioning his counsel's failure to object or appeal the 2 level enhancement, Lingo makes no argument regarding extraordinary circumstances. Unlike the example cited in *Scott*, this is not a case where the Court refused to allow Lingo to take advantage of a U.S.S.G. provision that was beneficial to him. In fact, the provision at issue was *detrimental* to Lingo. Having reviewed Lingo's criminal case file and the scant allegations of his habeas petition, the Court is convinced that no exceptional circumstances exist that would place this case outside the reach of *Scott* and its progeny. Moreover, with respect to cause, Lingo does not discuss why he failed to raise the 2 level enhancement on direct appeal. As discussed *infra*, Lingo did not suffer from ineffective assistance of counsel; therefore, he cannot meet the cause requirement referenced in *Scott*.

For these reasons, Lingo's naked argument of error as to the 2 level enhancement does not demonstrate a complete miscarriage of justice, and the Court is essentially without jurisdiction to hear it.

### III.  Ineffective Assistance of Counsel

Perhaps aware of his procedural default and its implications, Lingo also packaged an ineffective assistance of counsel claim in his § 2255 motion. Doc. 1, p. 5 ("Ground Two").

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim. *Strickland*, 466 U.S. at 697; *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The plaintiff's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990). With regards to the second prong of *Strickland*, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

Here, Lingo's sole argument is that his counsel was ineffective in not objecting to the 2 level enhancement at sentencing and failing to appeal its inclusion in his U.S.S.G. total offense level. When a § 2255 petitioner faults attorney for failing to object and present evidence at trial or at sentencing, he bears the burden of demonstrating what evidence the attorney should have presented and that the presentation of such evidence had a reasonable probability of changing the

result. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003). Failure of trial counsel to appeal an issue must present *Strickland* prejudice if it is to dictate ineffective assistance of counsel. *See Kitchen v. United States*, 227 F.3d 1014, 1024 (7th Cir. 2000).

Although Lingo does not provide much discussion of what his counsel should have done at sentencing and on appeal, his core concern for the lack of *any* objection or appeal of the 2 level enhancement makes a strong argument that counsel's performance fell below an objective standard of effective representation. *But see Buchmeier v. United States*, 581 F.3d 561, 563 (7th cir. 2009) ("[S]olitary errors in the course of an otherwise vigorous and competent defense rarely violate the sixth amendment."). Regardless, the Court need not determine whether this argument overcomes the presumption of reasonable judgment because prejudice did not result from any "subpar" advocacy.

The Court departed upward from the advisory U.S.S.G. range because it fully considered the sentencing factors set forth in 18 U.S.C. § 3553(a), specifically the severity of Lingo's crimes, his lack of genuine remorse,[3] and the existence of rehabilitative opportunities in prison. Contrary to Lingo's assertions, the Court's significant upward departure had nothing to do with the source of the authentication features utilized in the underlying fraud scheme. Thus, any enhancement pertaining thereto does not undermine the Court's confidence in the sentence handed down. Put simply, Lingo cannot show by a reasonable probability that counsel's failure to object and appeal served as the actual cause of the Court's 60-month sentence on Counts I and II; rather, it was Lingo's blatant lack of respect for the Court, the parties involved with this case,

---

[3] Perhaps best evidenced by the fact that he skipped sentencing twice.

and the general public that landed him 60 months in federal prison.

For these reasons, Lingo's ineffective assistance of counsel argument does not present a complete miscarriage of justice.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner Jason David Lingo's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) pursuant to 28 U.S.C. § 2255.  Further, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: December 2, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
